# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| EUGENE JENNINGS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:12CV00008 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Jennings's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required under the AEDPA. As a result, the motion will be dismissed.

On July 30, 2007, after movant pled guilty to distributing cocaine base, the Court sentenced him to 151 months' imprisonment. United States v. Jennings, 1:07CR00010 ERW (E.D. Mo.). Movant did not file an appeal. On June 15, 2009, movant filed his first § 2255 motion. Jennings v. United States, 1:09CV00080 ERW (E.D. Mo.). On July 27, 2009, the Court dismissed the motion as untimely. Subsequently, the United States Court of Appeals for the Eighth Circuit declined to issue a certificate of appealability.

Movant filed the instant motion on January 11, 2012.  In the motion, movant argues that recent Supreme Court case law, which should apply retroactively, has cast doubt on the validity of his sentence.

Under 28 U.S.C. § 2255:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Where an initial § 2255 motion is dismissed as untimely, the dismissal operates as a ruling on the merits for purposes of the successive petition rule.  See Brian R. Means, Federal Habeas Manual § 11:49 (2011) (collecting cases).

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief.  As a result, the motion will be dismissed.

Furthermore, movant has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted).  Thus, the Court will not issue a certificate of appealability.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that movant's § 2255 motion is **DISMISSED**.

An Order of Dismissal will be filed with this Memorandum and Order.

So Ordered this 19th day of January, 2012.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE